UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jerome McKinney,<br><br>　　　　Plaintiff,<br><br>v.<br><br>University of Pittsburgh,<br><br>　　　　Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES the Plaintiff, Jerome McKinney, by and through his attorney, Sean L. Ruppert, Esq, and files this Complaint alleging as follows:

## I. Nature of the Action

1. Plaintiff bring this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e alleging he was subjected to Race Discrimination because, as the only African American in his department, he was targeted for discipline, pay reduction, and exclusion from authority. This treatment was not applied to similarly situated Caucasian employees.

2. Plaintiff further alleges that his Procedural Due Process rights, as guaranteed by the Fifth and Fourteenth Amendments to the United State Constitution, were violated when his salary was reduced without prior notice, hearing, investigation, or opportunity for defense.

## II. Jurisdiction and Venue

3.  This action arises under the Title VII, 42 U.S.C. §2000e.  This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

4.  This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

5.  Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## III. Parties

6.  Plaintiff, Jerome B. McKinney ("Plaintiff"), is an adult individual residing at 6337 Burchfield Ave., Pittsburgh, PA 15217.

7.  Defendant, University of Pittsburgh ("Defendant"), is a public University with headquarters located at 4200 Fifth Ave, Pittsburgh, PA 15260.

## IV. Facts

8.  Plaintiff has held the position of Professor of Public Administration at the Defendant's Graduate School of Public and International Affairs (GSPIA) since 1970.

9.  Plaintiff is currently the only core faculty member that is African-American in the GSPIA.

10. Plaintiff published more than 100 articles, books, interviews, and commentaries in his 45 years of employment with the Defendant.

11. Plaintiff has taught more than a dozen different courses in his employment with the Defendant.

12. Plaintiff received the average salary amongst professors at the GSPIA in 2006.

13. John T.S. Keeler is the Dean of the GSPIA. He was first appointed to that position in 2007.

14. Between 2006 and 2013, the average salary increase amongst professors at the GSPIA has been between 2% and 5% per year.

15. Plaintiff's salary was only increased by an average of .8% per year during the same period.

16. There are currently thirty-two (32) core faculty members employed at the GSPIA. Of those, twenty-six (26) are Caucasian, and only six (6) non-Caucasian. Of those six (6) non-Caucasian faculty members, the Plaintiff is the only African-American.

17. There are an additional thirty-seven (37) part-time, visiting, adjunct, and jointly appointed faculty members working in the GSPIA. Of those, thirty-three (33) are Caucasian, and only four (4) non-Caucasian. Of those (4) non-Caucasian faculty members, only a single professor, Audrey Murrell, who is jointly appointed with the Katz School of Business, is African-American. Professor Murrell's primary teaching duties and tenure are with the Katz School, and not the GSPIA.

18. There have been as many as twelve (12) African-American faculty members at once during the Plaintiff's career with the Defendant. That number has been systematically reduced over the past decade.

19. Professor Harvey White, an African-American, resigned from a tenured faculty position with the GSPIA in 2014 because he felt the school's administration was hostile and discriminatory towards African-Americans.

20. The percentage of the African-Americans in non-faculty staff positions has been systematically reduced during Plaintiff's career. African-Americans comprised up to 80% of the non-faculty staff at different times during Plaintiff's employment. They currently make up less than 10%.

21. Dean Keeler has filled over ten (10) faculty vacancies during his tenure. He has not interviewed an African-American for any one of those positions.

22. No African-American faculty member has ever been appointed by Dean Keeler to the GSPIA's Personnel Committee, which oversees hiring of new faculty members.

## V. Allegations

### Count I
### Discrimination in Violation of Title VII

23. Paragraphs 1-22 are incorporated as if set forth at length herein.

24. Plaintiff is an African American male and is therefore a member of a protected class under Title VII.

25. Plaintiff was subjected to discriminatory treatment from the Defendant because of his Race in the following ways;

   a. Plaintiff's salary unjustly was cut by 20% in 2013;

   b. Plaintiff's salary was increased by a substantially smaller percentage than the average salary increase of his Caucasian counterparts between 2006 and 2013;

   c. Plaintiff was excluded from certain committees, including the Ph.D. Planning and Testing Committee, despite his seniority and expertise;

    d. Plaintiff was subjected to harassing oversite not applied to other faculty members;

    e. Plaintiff was prevented from teaching courses which he had taught in the past.

## Count II
### Violation of Procedural Due Process

26. Paragraphs 1-25 are incorporated as if set forth at length herein.

27. Defendant violated Plaintiff's procedural due process rights by not providing any substantive process to defend himself against a draconian reduction in salary.

28. Defendant's employee handbook provides no policy or procedures for salary reduction.

29. Plaintiff was given no recourse to appeal this decision.

30. Plaintiff was not supplied with any explanation as to how the amount of his salary reduction was arrived upon.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

    a. Back pay in the amount of $114,557;

    b. Front pay as deemed appropriate by the court;

    c. Compensatory and punitive damages as allowed by law;

    d. Plaintiff's legal fees;

    e. Pre-judgment and continuing interest;

    f. Court costs; and

    g. Other such relief as the Court may deem just and proper.

        Respectfully submitted,

        *[signature]*
        Sean L. Ruppert, Esq.
        Pa ID: 314380

        **KRAEMER, MANES & ASSOCIATES, LLC**
        US Steel Tower
        600 Grant St, Suite 660
        Pittsburgh, PA 15219
        (412) 626-5550 Direct
        (412) 637-0144 Fax
        sr@lawkm.com
        Counsel for Plaintiff